UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES S. HUBBARD JR.,<br><br>    Defendant. | Case No. 09-cr-40045-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant James S. Hubbard's *pro se* motion for compassionate release pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)) (Doc. 92). The Government has responded (Doc. 96). Hubbard has not replied to that response, although he was given an opportunity to do so.

Hubbard offers only non-retroactive changes to a statutory sentencing range to justify relief, but those changes cannot amount to extraordinary and compelling reasons for release. Additionally, the relevant sentencing considerations counsel against release from prison at this time.

**I.    Compassionate Release**

The First Step Act expanded the existing compassionate release provisions of federal law by opening the door for a defendant to move for compassionate release rather than only allowing the Director of the Bureau of Prisons ("BOP") to so move. First Step Act, § 603(b)(1) (codified at 18 U.S.C. § 3582(c)(1)(A)); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). The relevant portion of the law provides:

**(c) Modification of an imposed term of imprisonment.**—The court may not modify a

> term of imprisonment once it has been imposed except that—
>> (1) in any case—
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>> (i) extraordinary and compelling reasons warrant such a reduction. . .
>>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A).

As for the final clause of § 3582(c)(1)(A), there is no applicable Sentencing Commission policy statement regarding motions for compassionate release filed by defendants. *Gunn*, 980 F.3d at 1180. The existing compassionate release policy statement, United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13, applies only to motions filed by the BOP, not defendants themselves, "[a]nd because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion." *Id.* Nevertheless, the substantive aspects of U.S.S.G. § 1B1.13 provide a "working definition" of "extraordinary and compelling reasons" that should guide the Court's discretion without strictly confining it. *Id.* A court that "strikes off on a different path risks an appellate holding that judicial discretion has been abused." *Id.* Additionally, the Court should give substantial weight to the BOP's analysis regarding "extraordinary and compelling reasons" in any particular case. *Id.*

So the Court looks to U.S.S.G. § 1B1.13 for guidance. That policy statement adds the provision that the defendant must not be a danger to the safety of any other person or to the

community. U.S.S.G. § 1B1.13(2).[1] The application notes further define "extraordinary and compelling reasons" to include, as relevant for this case:

> **(D)** **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n. 1.

Thus, for a defendant to be eligible for compassionate release he must have exhausted his administrative remedies,[2] and the Court must find that (1) extraordinary and compelling reasons for release exist, and (2) considering the applicable factors in 18 U.S.C. § 3553(a), the extraordinary and compelling reasons warrant release. 18 U.S.C. § 3582(c)(1)(A). The movant bears the burden of making such a showing, and the Court has discretion to determine whether the defendant satisfied that burden. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021); *Gunn*, 980 F.3d at 1180. The Court uses U.S.S.G. § 1B1.13 cmt. n. 1 to guide its discretion in this regard and should give great weight to the BOP's analysis regarding "extraordinary and compelling reasons," if it has given any such analysis. *Gunn*, 980 F.3d at 1180. The Court now turns to the specifics of the defendant's case.

## II. Analysis

In November 2009, Hubbard pled guilty to one count of conspiracy to distribute and possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 851. At the defendant's sentencing in February 2010, the Court

---

[1] This provision is similar, but not identical, to 18 U.S.C. § 3553(a)(2)(C), which requires the Court to consider the need for the sentence "to protect the public from further crimes of the defendant."
[2] The exhaustion requirement is not jurisdictional and may be waived by the Government. *Gunn*, 980 F.3d at 1179.

found his relevant conduct to be 10.17 kilograms of cocaine, which yielded a base offense level of 32. *See* U.S.S.G. § 2D1.1(c)(4).[3] His offense level was increased by 2 points under U.S.S.G. § 2D1.1(b)(1) for possessing a dangerous weapon and by 2 points under U.S.S.G. § 3C1.1 for obstruction of justice, and it was decreased by 3 points under U.S.S.G. § 3E1.1(a) and (b) for timely acceptance of responsibility. This resulted in a total offense level of 33, which in combination with the defendant's criminal history category of V established a guideline sentencing range of 210 to 262 months in prison. However, the Court found the defendant's relevant conduct set the statutory minimum at 20 years under 21 U.S.C. §§ 841(b)(1)(A) and 851, which made his effective guideline sentencing range 240 to 262 months. The Court sentenced Hubbard to serve 264 months in prison, above the guideline range, based on aggravating circumstances of the crime itself, the use of a dangerous weapon, and the need to protect the public. In March 2017, the Court reduced his sentence to 242 months in light of a retroactive amendment to the sentencing guidelines. This was still above the amended guideline range of 240 months.

Now, Hubbard asks the Court to grant him compassionate release by reducing his sentence to 180 months because his sentence did not reflect the lower mandatory minimum sentence for recidivists brought about in the First Step Act. He also argues his prior conviction was not harshly punished. He believes this represents an extraordinary reason for his release. He notes that he has made good use of his time in prison by participating in rehabilitation and education programs and that he has never had a disciplinary infraction in his 11 years of incarceration. He believes his prison record demonstrates he is no longer a danger to the public.

In response, the Government first argues that the express nonretroactivity of a statutory

---

[3] Unless otherwise noted, all references to the U.S.S.G. are to the 2009 version.

amendment that would have benefitted Hubbard does not constitute an extraordinary and compelling circumstance justifying compassionate release.  The Government also argues that consideration of the § 3553(a) fact counsels against release in light of the large amount of drugs involved in Hubbard's crime and his history of threats and violence.  Finally, the Government notes that the 20-year statutory minimum did not impact Hubbard's actual sentence, which was *above* the advisory guideline range.

As a preliminary matter, the Government has not invoked exhaustion of remedies as a defense, so has waived that argument.

As for the merits of Hubbard's request, he has not convinced the Court that there is an extraordinary and compelling reason for compassionate release.  It is true that after he was sentenced, Congress amended 21 U.S.C. § 841(b)(1)(A), the statute under which he was sentenced, to lower the minimum sentence from 20 to 15 years in prison.  First Step Act of 2018, Pub. L. No. 115-391, § 401(a)(2)(A)(i), 132 Stat. 5194, 5220 (2018).  It did not, however, make that change retroactive to defendants like Hubbard who had been sentenced before the amendment took effect.  *Id.* at § 401(c).

A non-retroactive change in sentencing law cannot, alone or in combination with any other reason for compassionate relief, constitute an "extraordinary and compelling" reason where Congress expressly provided that the change is not retroactive.  *United States v. Thacker*, 4 F.4th 569, 574, 576 (7th Cir. 2021).  "[T]he discretion conferred by § 3582(c)(1)(A) does not include authority to reduce a mandatory minimum sentence on the basis that the length of the sentence itself constitutes an extraordinary and compelling circumstance warranting a sentencing reduction."  *Id.*  However, where an independent "extraordinary and compelling" reason exists, the Court may consider such non-retroactive changes in determining the appropriate reduction or

in weighing the § 3553(a) factors. *Id.* at 575; *United States v. Black*, 999 F.3d 1071, 1075-76 (7th Cir. 2021).  Hubbard has provided no independent "extraordinary and compelling" reason.

And in Hubbard's case in particular, the change in the statutory minimum is not only not extraordinary and compelling, but also not relevant to the sentence the Court imposed.  Whether Hubbard's advisory sentencing guideline range was 240 to 262 months with the floor established by a 20-year statutory minimum, or 210 to 262 months with the floor established by the guidelines unencumbered by a 15-year statutory minimum, the Court would still have selected the same above-guideline sentence.  A different statutory minimum sentence would not have had any impact on the Court's sentencing decision because the appropriate sentence was not even remotely close to any statutory minimum sentence.  Nor would it have made a difference in the reduction following U.S.S.G. Amendment 782.  The Court considered the relevant factors in accepting the parties' agreed motion, and reduced Hubbard's sentence to an appropriate level based on those factors.

Finally, the Government is correct that consideration of the § 3553(a) factors would not warrant granting Hubbard compassionate release.  The Court's analysis of the § 3553(a) factors at the sentencing hearing continues to apply now.  He was in criminal history category V with a history of violence and disregard for the rules.  Furthermore, although Hubbard's conduct in prison is admirable—his achievements toward rehabilitation and education, and his lack of any disciplinary history—that does not outweigh the reasons the Court chose an above-guideline sentence to begin with.  Hubbard's crime was serious, involving large amounts of cocaine, weapons, and threats of violence, and it warranted a long sentence to reflect the seriousness of that crime, to promote respect for the law, and to protect the public from his future crimes.  While the Court is glad Hubbard has taken steps to mend his ways in prison, releasing him now

would undermine the gravity of his offense and would not promote respect for the law. The § 3553(a) factors do not support compassionate release at this time.

### III.    Conclusion

For all of these reasons, the Court **DENIES** Hubbard's motion for compassionate release (Doc. 92).

**IT IS SO ORDERED.**
**DATED:  October25, 2021**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**