IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

        v.

JAMES S. HUBBARD, JR.

    Defendant.

Case No. 09-cr-40045-JPG-1

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant James S. Hubbard, Jr.'s *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 98). Counsel voluntarily appeared for the defendant and has moved to withdraw because she does not believe the defendant is eligible for a reduction (Doc. 103). *See Anders v. California*, 386 U.S. 738, 744 (1967). The Government has responded to counsel's motion indicating it has no objection to counsel's withdrawal and agrees that the defendant is not eligible for a reduction (Doc. 105). The defendant did not respond to counsel's motion to withdraw, although he was given an opportunity to do so.

The defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine. At sentencing, the Court adopted the presentence investigation report's relevant conduct finding of 10.17 kilograms of cocaine, *see* PSR ¶ 32, which under U.S.S.G.[1] § 2D1.1 yielded a base offense level of 32. His offense level was increased by 2 points under U.S.S.G. § 2D1.1(b)(1) because he possessed a dangerous weapon and was reduced by 3 points under U.S.S.G. § 3E1.1(a) and (b) because he accepted responsibility for his crime. This

---

[1] Unless otherwise noted, the references to the U.S.S.G. in this order are to the 2009 version.

established a total offense level of 33.

The defendant's criminal history category, established by his 10 criminal history points, was V.  *See* PSR ¶ 62.  His 10 points comprised 7 points from prior convictions, 2 points because he was under a criminal sentence when he committed his offense ("status points"), and 1 point because he committed his offense less than 2 years following release from custody.  *See* PSR ¶ 61.  This yielded a guideline sentencing range of 240 to 262 months in prison, which reflected the statutory minimum sentence of 20 years.   The Court imposed a sentence of 264 months.

Later, pursuant to retroactive U.S.S.G. Amendment 782, the Court lowered Hubbard's offense level by 2 points to 31.   In light of his criminal history category V and the 20-year statutory minimum sentence, his guideline range became 240 months.  *See* U.S.S.G. § 5G1.1(b).  The Court reduced Hubbard's sentence to 242 months, a proportionate above-guideline sentence (Doc. 90).

The defendant now asks the Court to apply recent changes to the Sentencing Guidelines to lower his sentence.   Part A of Amendment 821 amended U.S.S.G. § 4A1.1(e) (2023) and concerns criminal history status points.   For defendants who received status points and had 7 or more criminal history points for prior convictions, Amendment 821 provides that their 2-point assessment be reduced to 1 point.[2]   Amendment 821 is retroactive.  *See* U.S.S.G. § 1B1.10(d) (2023).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."   In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the

---

[2] Part B of Amendment 821 concerns defendants with no criminal history points.   This does not apply to the defendant because he was assessed criminal history points.

Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The defendant does not satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendment 821 did not lower his post-Amendment 782 guideline sentencing range of 240 months. It is true that Amendment 821 reduced the defendant's criminal history points under U.S.S.G. § 4A1.1 from 10 to 9 and his criminal history category from V to IV. *See* Sentencing Table, U.S.S.G. Ch. 5 Pt. A. As an offense level 31 and criminal history category IV, Hubbard would have had a sentencing range reduction to 151 to 188 months absent a statutory minimum sentence. However, because of the 20-year statutory minimum, his guideline sentencing range even considering Amendment 821 was 240 months, exactly what it was before Amendment 821. *See* U.S.S.G. § 5G1.1(b). Therefore, he is not eligible for a sentence reduction.

For the foregoing reasons, the Court **GRANTS** counsel's motion to withdraw (Doc. 103) and **DENIES** Hubbard's *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821 (Doc. 98). FPD Kim C. Freter is **TERMINATED** as counsel in this case.

**IT IS SO ORDERED.**
**DATED:   April 18, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**

3